| Matter of Ruiz |
|:---:|
| 2024 NY Slip Op 31943(U) |
| June 4, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2020-2458 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

New York County Surrogate's Court
DATA ENTRY DEPT.

JUN 0 4 2024

------------------------------------------------------------------x
In the Matter of the Application of Rex Ruiz and
Donna Ruiz, concerning the Estate of

DECISION & ORDER

REGINALD RUIZ
a/k/a REGINALD JAMES RUIZ

File no. 2020-2458

an Absentee,

for a Decree judicially declaring that the above-named
absentee is deceased pursuant to EPTL § 2-1.7
------------------------------------------------------------------x
G I N G O L D, S .

Petitioners, Rex Ruiz and Donna Ruiz, have commenced this proceeding seeking an order declaring that their sibling Reginald Ruiz (hereinafter "Absentee") is presumed dead pursuant to EPTL § 2-1.7, fixing his date of death as April 16, 2016, three years after the date of the Absentee's disappearance, and directing that the New York City Office of Chief Medical Examiner (hereinafter "NYC Medical Examiner") issue a death certificate for the Absentee.[1] The petition alleges that the Absentee, who was a domiciliary of New York County, was last seen in San Francisco, California.

Jurisdiction over the Absentee was obtained by publication in the Daily Journal in the County of San Francisco and the Chief-Leader in the County of New York, for four successive weeks. Timely service of the citation was made on the Absentee's siblings Restituto Ruiz, Jr, and Renard Ruiz, as well as the NYC Medical Examiner, and the Attorney General of the State of New York.

---

[1] However, by affirmation dated March 31, 2023, Thomas Sciacca, Esq., informed the court that petitioners do not plan to seek a certified copy of a death certificate as a declaration of the Absentee's death will be sufficient.

By letter dated December 7, 2021, the NYC Medical Examiner indicated that it took no position about the merits of the petition. Presuming that the Absentee disappeared in San Francisco, it noted that according to New York City Charter §557, the NYC Medical Examiner does not have jurisdiction outside the confines of New York City.

By order dated August 17, 2022, this court appointed Jerry M. Judin, Esq., guardian ad litem for the Absentee.[2]

Five conferences were held by the court from March 2023 through February 2024 to address discovery issues.

In an order dated March 19, 2024, this court directed the parties to appear for a hearing.

The Hearing

A hearing was held before this court on April 11, 2024. Petitioners appeared with their counsel. The guardian ad litem appointed for the Absentee also appeared. Neither the NYC Medical Examiner nor the Attorney General of the State of New York appeared in this proceeding.

The following individuals testified: Pearl Sanderson; Donna Ruiz; and Rex Ruiz (hereinafter "Sanderson," "Donna," and "Rex," respectively). Admitted in evidence were the San Francisco Police Department's investigative case file, the Absentee's AT&T cellular phone records, as well as financial records from JP Morgan Chase Bank, Capital One Auto Finance, and Bank of America.

Sanderson, who had known the Absentee for more than 10 years, testified that she and the Absentee were co-workers and friends who communicated on a regular basis and attended church and holiday gatherings together. The Absentee was an obstetrics/gynecology doctor and surgeon

---

[2] Because of a data entry error, the court's order was not entered, and the guardian ad litem did not receive notice of his appointment until January 2023. The guardian ad litem accepted the appointment on January 31, 2023.

at Woodhull Hospital in New York where Sanderson is a hospital administrator. She testified that the Absentee had been scheduled to perform surgery between April 17, 2013 and April 20, 2013, but he did not show up for work. According to Sanderson, after the Absentee disappeared, she called, texted, and emailed him but she did not receive any response. She stated that she has not seen the Absentee since his disappearance. After he disappeared, she paid the monthly charge for Absentee's storage unit for eight years until it became obvious to her that the Absentee would not be returning.

The Absentee's sister, Donna, also testified. She stated that the Absentee—whom she referred to as Reggie—were very close and communicated on a regular basis. The last time she had seen the Absentee was at Easter in April 2013. She testified that the Absentee had planned to move to California, where she resides, and practice medicine. The Absentee had even started the process of obtaining a medical license in California. She did not know, however, whether the Absentee had ever completed the certification process. She explained that she and the Absentee had taken classes in integrative medicine. She further testified that the Absentee's last known whereabouts were at the Mandarin Oriental Hotel (hereinafter "the Mandarin") in San Francisco, California. In her efforts to find the Absentee after he disappeared, she was able to see video footage of the Absentee checking into the Mandarin on April 15, 2013, and exiting the Mandarin on April 16, 2013. He was wearing a black jogging suit with a sweater around his waist. There is no dispute that the Absentee has not been seen since then. Nor has she received any communications from him. He has also not attended any family events since April 2013. She was informed by one of the Absentee's co-workers that the Absentee never returned to work on April 19, 2013. She believes that if her brother were alive, he would have contacted her.

Donna also testified that she filed missing persons reports in California and New York and she contacted the coast guard and the morgue. She testified that the missing persons cases with the San Francisco Police Department (hereinafter "SFPD") and the New York Police Department (hereinafter "NYPD") remain open to date, as no body has ever been found.

According to the SFPD's investigative file, SFPD conducted an exhaustive search, interviewed many witnesses, and coordinated with the NYPD to locate the Respondent without any success.

The Absentee's older brother, Rex, testified that he was also in regular communication with the Absentee until his disappearance in April 2013. According to Rex, a year before the Absentee disappeared, he had talked about switching his practice area to integrative gynecology and alternative medicine. He testified that the Absentee had decided to move to San Francisco because it would provide better opportunities for him professionally. In anticipation of moving, the Absentee had resigned from his position as a surgeon by letter dated April 12, 2013, effective May 2013, had found a new home for his dog, and had ended his relationship with his boyfriend.

Rex testified that after the Absentee's disappearance, he emailed, called, and texted the Absentee, but has not seen nor heard from him. In late summer 2013, Rex stopped calling the Absentee's phone. In addition to the missing persons reports Donna had filed in California and New York, Rex testified that he called local New York City hospitals in an effort to find his brother.

As for activity on the Absentee's cell phone and credit cards, Rex testified that after April 15, 2013, there were no outgoing telephone calls from the Absentee's cell phone. Also, aside from a credit card charge at the Mandarin on April 16, 2013, there have been no further active charges on the Absentee's credit cards since his disappearance.

4

Rex further testified that the Absentee was very close to their mother, and that they were both agents under a power of attorney for their mother. However, when their mother died in 2019, the Absentee did not attend the funeral. Rex testified that he believes that if the Absentee were alive, he would have attended her funeral.

The Respondent's financial and cell phone records corroborated petitioners' testimony.

The Guardian Ad Litem's Report

The guardian ad litem filed a report dated April 17, 2024. The guardian ad litem reports that a diligent and exhaustive search has been conducted such that Absentee's absence cannot be satisfactorily explained other than by the Absentee's death. After a review of the evidence and the testimony of the witnesses, the guardian ad litem concludes that the Absentee has been missing for more than 11 years and he has not been seen nor heard from since April 16, 2013.

Discussion

Section 2-1.7 of the EPTL provides that

> "(a) A person who is absent for a continuous period of three years, during which, after diligent search, he or she has not been seen or heard of or from, and whose absence is not satisfactorily explained shall be presumed, in any action or proceeding involving any property of such person, contractual or property rights contingent upon his or her death or the administration of his or her estate, to have died three years after the date such unexplained absence commenced, or on such earlier date as clear and convincing evidence establishes is the most probable date of death;

> (b) The fact that such person was exposed to a specific peril of death may be a sufficient basis for determining at any time after such exposure that he or she died less than three years after the date his or her absence commenced."

The uncontroverted proof shows, by clear and convincing evidence, that the Absentee has been absent for a continuous period since April 16, 2013, and that after a diligent search, he has not been seen or heard from and his absence is not satisfactorily explained. Based on the foregoing,

5

it is presumed that the Absentee died three years after the date of his unexplained absence as there is no other satisfactory explanation for his continuous absence. Pursuant to EPTL § 2-1.7(a) the Absentee is thus declared dead as of April 16, 2016, which is three years after the date of his unexplained absence on April 16, 2013. Accordingly, it is

ORDERED that the petition is granted and the Absentee Reginald Ruiz is declared dead as of April 16, 2016; and it is further

ORDERED that the parties settle decree;

ORDERED that the Clerk of the Court shall email a copy of this Decision and Order to counsel at the addresses listed below.

Dated: June 4, 2024

_____
SURROGATE

To:

Thomas Sciacca, Esq.
Law Offices of Thomas Sciacca, PLLC
tom@sciaccalaw.com
*Attorney for petitioners Rex Ruiz and Donna Ruiz*

Jerry M. Judin, Esq.
jayjaylaw@aol.com
*Guardian ad litem for Reginald Ruiz*